## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| JOSE VELA JR., | No. CV 16-2526-DMG (AGR) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

### A. Procedural History

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed a Second Amended Complaint ("SAC"). On March 22, 2021, the Court issued an Order Accepting Findings and Recommendation of Magistrate Judge. The Order denied Plaintiff's motion for dismissal without prejudice of the SAC and granted in part his alternative motion for a stay of proceedings until his release from prison on March 31, 2021. The Order reminded Plaintiff that it was his responsibility to keep the Court and opposing counsel apprised of his current address as well as telephone number and email address. The Order warned that failure to do so may result in dismissal of this action for failure to prosecute. (Dkt. No. 212 (citing Local Rule 46-1).)

Plaintiff was released from prison on March 31, 2021.

After his release, the Court lifted the stay, issued a briefing schedule on Defendant's motion for summary judgment (Dkt. No. 184) and explained the requirements for filing an opposition to a motion for summary judgment. The Court ordered Plaintiff to file his opposition to Defendant's motion for summary judgment on or before October 5, 2021. (Order, Dkt. No. 214.)

Plaintiff did not file an opposition to the motion for judgment or request an extension of time to do so. On October 26, 2021, Defendant filed a Notice of Non-Receipt of Opposition. (Dkt. No. 215.) Defendant requested dismissal of this action for failure to prosecute under Fed. R. Civ. P. 41(b).

On November 3, 2021, the Court ordered that Plaintiff file, on or before November 24, 2021, a response to Defendant's request for dismissal for failure to prosecute or an opposition to Defendant's motion for summary judgment. The Court warned that failure to do so could result in dismissal of this action for failure to prosecute. (Order, Dkt. No. 216.)

Plaintiff did not file a response to Defendant's request for dismissal for failure to prosecute or an opposition to Defendant's motion for summary judgment, and did not file a request for an extension of time to do so.

B.  Discussion

It is well established that a district court has the authority to dismiss a plaintiff's action because of his failure to prosecute or comply with court orders. See Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court considers five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases

on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute).

The first two factors – the public's interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has failed to file an opposition to Defendant's request for dismissal of this action for failure to prosecute or an opposition to Defendant's motion for summary judgment. Plaintiff's conduct hinders the court's ability to move this case toward disposition, and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute diligently. *Eisen*, 31 F.3d at 1452-53. That presumption may be rebutted when a plaintiff proffers an excuse for delay. Plaintiff has failed to come forward with any excuse or reason for further delay.

The fourth factor – public policy in favor of deciding cases on their merits – weighs against dismissal. It is, however, a plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to oppose Defendant's motions or otherwise respond to orders of the court.

The fifth factor – availability of less drastic sanctions – weighs in favor of dismissal. The court attempted to avoid dismissal by ordering Plaintiff to file an opposition to Defendant's request for dismissal for failure to prosecute and to Defendant's motion for summary judgment. Moreover, the court expressly warned Plaintiff that failure to comply may result in the dismissal of the action for failure to prosecute. Despite these warnings, Plaintiff has failed to fulfill his obligations or otherwise respond to the court.

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate.

### C. Order

Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice for failure to prosecute and that judgment be entered.

DATED: March 22, 2022

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

4